[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff furnished materials and rendered services in the construction of the defendants' house. The defendant Robert Jensen was the general contractor. (In this memorandum, the "defendant" is referred to as Robert Jensen). The defendant hired the plaintiff as a carpenter in June, 1987.
In October 1987, when the foundation of the house was completed, the plaintiff started to work on the house. The plaintiff sent a contract to the defendant dated October 11, 1987. The terms of the contract, in part, were as follows: he would charge $18 per hour for his labor; for helpers he would charge $12 per hour; and when he completed the house, he would charge $3,000 commission. "Commission" was defined, in the course of the trial, payment for the supervision and coordination of the carpentry work and picking up supplies.
The contract was signed by the plaintiff but the defendant did not sign it. The defendant testified that he agreed to the hourly rates and did not agree to the commission.
The court finds that the terms of the so-called contract of October 11th were accepted by the defendant, including the $3,000 commission.
The defendant hired a carpenter helper and the defendant himself, together with the helper, did some carpentry work. In addition, the defendant's helper would work with the plaintiff.
When the plaintiff was working on the carpentry work, the defendant hired the plaintiff to do plumbing work at the same hourly rate.
The defendant is a supplier to hardware stores and the defendant mostly supplied materials to the plaintiff.
The defendant asked the plaintiff to buy plumbing supplies on a particular occasion. The plaintiff represented to the defendant that the plaintiff could buy plumbing supplies cheaper than the defendant can. On January 29, 1988, the plaintiff billed the defendant for labor and some building materials for $1,200. On the same day, the plaintiff billed the defendant for the plumbing supplies in the amount of $1,259.34. CT Page 2376
Generally, suppliers of the materials sold to contractors give a 10% or 15% discount of the retail price. The contractors generally charge the owners retail prices.
On January 31, 1988, the defendant paid the bill in full ($1,200) for labor and some building materials. The bill for the plumbing supplies was not paid.
On February 6th, the plaintiff presented an additional bill to the defendant for labor ending February 5th for $429 and building materials for $103, totalling $532. The defendant disputed the plumbing supply bill.
The plaintiff paid $750 to the plumber supplier. The defendant was billed for $1,259.34. There is a differential of $509.34.
On February 8th, the defendant terminated the contract between the plaintiff and the defendant.
The plaintiff claims the January 29th bill for $1,259.34 for plumbing supplies, the February 5th bill of $532 and the "commission" of $3,000 for a total of $4,791.34.
The defendant acknowledges that he owes for the February 5th bill of $532 and he acknowledges he owes $513.16 on the January 29th bill for plumbing supplies. He denies owing "commissions".
The defendants filed a special defense and counterclaim.
The special defense is that the plaintiff billed the defendants for costs of materials in excess of the fair value of the materials.
The counterclaim alleges the plaintiff has failed to perform carpentry and plumbing services in a good and workmanlike manner; and, the defendants have expended $3,701.97 to repair or replace work done improperly by the plaintiff and to bring his work into compliance with the applicable provisions of the building code.
The defendant hired one Wilke to finish carpentry work and replace work done improperly by the plaintiff. Wilke billed the defendant $1,289 for work done improperly by the plaintiff. He also testified that he charged over $25 per hour. The deck was built to the plan's specifications. Wilke stated that he spent 16 hours to CT Page 2377 repair the deck. He also testified that 60% of the carpentry work was incompleted.
The defendant hired one Cormier to do the plumbing work. He did work on February 12th, 15th and 18th. The total hours were 13. He charged $50 per hour so the labor bill was $650. He charged for plumbing supplies $473.97. The labor and supplies total $1,123.97. The defendant claims the full amount of Cormier's bill.
As far as the court has determined, Cormier did not replace the plumbing supplies that the plaintiff had provided.
The court finds that the special defense is well founded. The plaintiff's discount was exorbitant. The bill for the plumbing supplies to the defendant was $1,259.34. The court awards $750. for the plumbing supplies.
The carpentry labor was 60% uncompleted. $1,200 (40% per cent of the "commission") is awarded to the plaintiff. The bill from the plaintiff to the defendant dated February 6th is $532 and it is undisputed.
Judgment may enter on the complaint for the plaintiff to recover $2,482.00 plus taxable costs.
The plaintiff's carpentry work and plumbing work were not completed; therefore, the carpentry and plumbing work were not subject to final inspection. In addition, allegedly improper work cannot be attributed to the plaintiff and his helper because the defendant and his helper did some work.
The court finds for the plaintiff on the counterclaim.
EDELBERG STATE TRIAL REFEREE